UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAKEISHA ROLLINS,<br><br>  Plaintiff,<br><br>  v.<br><br>CYNTHIA GREENE-CAMPBELL,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:24-cv-01139 (UNA)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a *pro se* complaint ("Compl."), ECF No. 1. The court grants the IFP application and, for the reasons explained below, it dismisses the complaint without prejudice, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues Cynthia Greene-Campbell, a private attorney whose firm appears to be located in Nashville, Tennessee. *See* Compl. at 2. She alleges that defendant, who represents plaintiff's ex-husband in a child-custody proceedings filed in Nashville Juvenile Court, made false statements about her during the course of those proceedings. *See id.* at 5, 7. More specifically, on January 29, 2024, defendant purportedly represented, to the court and others, that plaintiff stabbed her ex-husband. *See id*. Plaintiff also alleges that the court improperly allowed defendant to read statements into the record regarding plaintiff's history of trauma and abuse. *See id*. at 4. As a result, plaintiff contends that she has suffered damage to her reputation and that she has been prevented from seeing her children. *See id*. at 4, 7. She demands $30 million in damages. *Id*. at 4.

Plaintiff has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only

when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff has failed to state a federal question. Although she cites, in passing, to the Americans with Disabilities Act ("ADA"), *see* Compl. at 3, 5, 7, she fails to explain how defendant's actions constitute disability discrimination, or to specifically identify the disability at issue. Plaintiff's vague allegations "cannot establish this [c]ourt's jurisdiction." *Amiri v. Gelman Mgmt. Co.*, 734 F. Supp. 2d 1, 2–4 (D.D.C. 2010) (dismissing complaint for lack of jurisdiction); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (explaining that "bare assertions" of wrongdoing are "not entitled to be assumed true"). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)), and here, without more, the court cannot discern any basis for federal question jurisdiction from the facts given in the complaint. Simply put, "[e]vents may not have unfolded as [p]laintiff wished, but h[er] dissatisfaction" does not, standing alone, constitute a violation of federal law. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Indeed, state custody determinations fail to implicate any constitutional or federal statutory right, and as such, they must be contested in the local court where the proceedings were held. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett*, 682 F.2d at 1042 (child custody issues uniquely suited to resolution in local courts).

Second, plaintiff has also failed to establish diversity of citizenship. It is a "well- established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Notably, "the citizenship of every party to the action must be distinctly alleged [in the complaint]

and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Here, the state citizenships of the parties are unclear, particularly that of the defendant, for whom plaintiff only provides a business address.

Assuming *arguendo* that plaintiff had provided sufficient information, this matter presents no connection to the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

Similarly, the ADA is governed by the venue provision of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* 42 U.S.C. § 12117(a); *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011). "Title VII's venue provision 'limit[s] venue to the judicial district concerned with the alleged discrimination,'" *Id.* (quoting *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969)), and therefore, such an action must be brought in the judicial district in which the unlawful practice is alleged to have been committed, where the records relevant to such practice are maintained and administered, or in the judicial district in which the defendant is principally located, *see* 42 U.S.C. § 2000e–5(f)(3). Here, the wrongdoing was allegedly committed in Tennessee, the defendant also appears to be located there, and as pleaded, this action bears no connection to this District.

Third, although plaintiff seeks damages in this matter, she circuitously asks this court to render a judgment as to the behavior of the court and counsel in the underlying state custody proceedings, which it may not do, because federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception that divests federal court of jurisdiction); *see also Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (holding that "considerations of comity and federalism dictate that the federal court should defer to the state proceedings.")

Accordingly, the complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 24, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge